IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff

v.                                                                Civ. 13-cv-1161 RB/RHS
                                                                   Cr. 10-cr-697    RB

MARTIN MARTINEZ,

    Defendant,

.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Martin Martinez's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody ("Motion") filed December 6, 2013 (Doc. 1).

**FACTS AND PROCEDURAL HISTORY**

On March 17, 2010, Defendant was indicted in the United States District Court for the District of New Mexico on five counts: Count 1: Conspiracy in violation of 21 U.S.C. § 846; Counts 2, 3 & 5: Distribution of Cocaine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C), and 18 U.S.C. § 2; and Count 4: Distribution of Cocaine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B), and 18 USC § 2. (Cr. Doc 2).   At all times material, Defendant was represented by counsel appointed by the Court (Cr. Docs. 7 and 23).  Defendant appeared before the Magistrate Judge on September 11, 2011 for a plea hearing (Cr. Doc. 29).  Defendant pled guilty to Counts 1 through 8 without the benefit of a written plea agreement (Cr. Docs. 29-30).  On November 15, 2012, United States Probation and Pretrial disclosed the Presentence Investigation Report ("PSR").  On December 21, 2012, the District Judge sentenced Defendant to a term of 60 months for each count, Counts

1 through Count 5, all sentences to run concurrently (Cr. Doc. 33, 36).  Defendant appealed his sentence on January 13, 2013 and the Tenth Circuit dismissed his appeal on November 13, 2013 (Cr. Doc. 64).  Defendant filed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody on December 6, 2013 (Civ. Doc. 1).  Plaintiff asserts claims of ineffective assistance of counsel.  Id.  On March 7, 2014 the Government filed its Response (Civ. Doc. 6).  Defendant has not filed a Reply.

## LEGAL STANDARD

A district court may grant relief under § 2255 if it determines that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.  Defendant must demonstrate that a defect in the proceedings resulted in a complete miscarriage of justice.  Davis v. United States, 417 U.S. 333, 346 (1974).

To succeed on a claim of ineffective assistance of counsel, Defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . . and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  In order to satisfy the first Strickland prong, Defendant must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  Strickland, 466 U.S. at 690.  Defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally

competent assistance. Id. There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 688. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Finding prejudice under the second Strickland prong requires that the Defendant demonstrate that his attorney's alleged deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In the context of asserting ineffective assistance of counsel for a plea agreement, Defendant is required to show that counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (citing Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order. Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (citing Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). The Court need not address both components if the Defendant fails to make sufficient showing of either. Foster v. Ward, 182 F.3d at 1184.

## ANALYSIS

Defendant claims that he received ineffective assistance of counsel during the underlying criminal proceeding and makes two claims: (1) that counsel failed to request a downward departure for substantial assistance in the investigation and prosecution of others, and (2) that counsel failed to object to the miscalculation of the guideline sentencing range (Doc. 1 at 5). The Government argues that the Court should deny Defendant's Motion because (1) counsel

cannot force the government to file a motion for downward departure pursuant to Section 5K1.1, and (2) counsel was not ineffective for failing to object to a sentencing guideline that was irrelevant because Defendant was subject to a statutory mandatory minimum sentence (Doc. 6 at 5-7).

## I.
## Counsel Was Not Ineffective For Failing To Request A USSG 5K1.1 Reduction Or Otherwise Obtaining A Downward Departure For Substantial Assistance

Defendant asserts that Defense Counsel failed "to request a sentence below the U.S. Sentencing Guidelines range after a substantial assistance in the investigation and prosecution of others" (Doc. 1 at 5). The Government construes this statement to mean that Defendant "contends that his cooperation with law enforcement entitles him to a United States Sentencing Guideline § 5K1.1 reduction and that his counsel was ineffective" for failing to obtain this reduction (Doc. 6 at 5). The Government argues that only it can move for the U.S.S. G. § 5K1.1 reduction but that Defendant was not entitled to receive the reduction.

United States Sentencing Guideline ("U.S.S.G.") § 5K1.1 specifically states that a downward sentencing departure for substantial assistance to the government may be granted "upon motion by the government." The Tenth Circuit has held that the government's motion for a departure for substantial assistance "is an unequivocal condition precedent; the [sentencing] court may not act *sua sponte* in such matters." United States v. Maldonado-Acosta, 210 F.3d 1182, 1183 (10th Cir. 2000) (citing United States v. Vargas, 925 F.2d 1260, 1267 (10th Cir.1991)). There are some limited exceptions, which do not apply in the instant case but are enumerated as follows: (1) where there is an agreement that limits the United States' discretion, (2) the refusal to depart was based on an unconstitutional motive such as race or religion, or (3) there is overwhelming evidence that the accused's assistance has been so substantial as to cry out

for meaningful relief.  Maldonado-Acosta, 210 F.3d at 1183-84 (citing United States v. Cerrato-Reyes, 176 F.3d 1254, 1264 (10th Cir. 1999) (internal quotations and citations omitted).

Defendant makes conclusory allegations that his defense counsel failed to obtain a downward departure for substantial assistance "in the investigation and prosecution of others" (Doc. 1 at 5).  Defendant offers no supporting facts.  Id.  The Government concedes that Defendant met with agents but it contends that the information was minimal (Doc. 6 at 6).  It asserts that Defendant's information "did not lead agents to any arrests, seizures, or investigation that would constitute substantial assistance."  Id. at 6.  There is no evidence contradicting the Government's contention.  Prevailing Tenth Circuit legal authority demonstrates absent one of the exceptions defense counsel would not be able to seek the downward departure for substantial assistance nor could the Court act *sua sponte* to grant such relief.  Maldonado-Acosta, 210 F.3d at 1183-84.  Defendant fails to meet his burden to demonstrate counsel's performance fell below an objective standard of reasonableness.  The Court, therefore, recommends Defendant's claim that counsel was ineffective for failing to obtain a reduction for substantial assistance be denied.

## II.
## Counsel Was Not Ineffective For Failing To Object To The Sentencing Guideline

Plaintiff appeared at a Plea Hearing before the Magistrate Judge on September 11, 2011, to plead guilty to all counts of the Grand Jury Indictment (Cr. Doc. 59).  At the hearing, the penalties were discussed on the record in detail.  Id.  The Assistant United States Attorney stated on the record that the penalty, for Counts One and Four, was a term of imprisonment of not less than five years and not more than forty years, mandatory minimum (Cr. Doc. 59 at 6).  He further stated that for Counts Two, Three, and Five, Defendant faced a term of imprisonment of up to twenty years.  Id.  The Magistrate Judge asked the Defendant if he understood the penalties and Defendant testified "Yes, sir." (Cr. Doc. 59 at 6).  The Magistrate Judge informed

5

Defendant that the sentence would be determined by the District Judge and that it was possible Defendant could be sentenced to the maximum statutory penalty. Id. at 7. Defendant testified that he understood. Id. He also testified that he talked to his lawyer about the facts and circumstances about his case, and that he was satisfied the representation his lawyer provided. Id. at 6. Defendant then proceeded to plead guilty to each of the five counts in the Grand Jury Indictment. Id. at 7.

Thereafter, United States Probation and Pretrial prepared the PSR, and determined that Defendant's total offense level was 23 with a Criminal History Category of III which resulted in a guideline level of 57-71 months. But, pursuant to U.S.S.G. § 5G1.1(c) (2), the statutorily authorized minimum sentence, for Counts One and Four, is five years. This resulted in an increase in Defendant's guideline range to 60-71 months. The District Judge ultimately sentenced Defendant to, the lower end of the range, sixty (60) months on each Count of the Indictment and further ordered that the sentences would run concurrently (Cr. Doc.36).

Defendant has the burden to show that his attorney's actions or failure to act were outside the range of professionally competent assistance. Strickland, 466 U.S. at 690. Defendant makes conclusory allegations that his attorney failed to object to the miscalculation of his sentence on the part of the District Judge (Doc. 1 at 5). The Court may not impose a guideline sentence below a statutory mandatory minimum sentence. United States v. Cornelius, 696 F.3d 1307, 1327 (10th Cir. 2012); United State v. Duncan, 242 F.3d 940, 945 (10th Cir. 2001). Defendant does not offer any additional facts to support his argument. Defendant was fully informed about the penalties he faced for his conduct at the Plea hearing which he acknowledged (Cr. Doc. 59). At the Sentencing hearing, Defendant testified that he reviewed the PSR with his attorney (Cr. Doc. 55 at 2). Defense counsel stated on the record that Defendant was facing a mandatory term

of 60 months on both Counts 1 and 4. Id. The District Judge gave Defendant the opportunity to address the Court (Cr. Doc. 55 at 4). Defendant only expressed remorse for his conduct and asked that the Judge have compassion. Id. The District Judge sentenced Defendant pursuant to U.S.S.G. § 5G1.1 (Cr. Doc. 55 at 8).

Now Defendant asserts that defense counsel was ineffective. However, Defendant does not set forth any facts to support his conclusory allegations that his defense counsel was ineffective for failing to object to the guideline imprisonment range. Therefore, Court concludes that Defendant has failed to meet his burden and recommends denial of Defendant's claim that counsel was ineffective because he failed to object to the sentence. The Court recommends Defendant's claim be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Defendant is not entitled to any relief with respect to the claims raised in his § 2255 motion. Therefore, the Court recommends that Defendant's Motion (Doc. 1) be DENIED, Certificate of Appealability be denied, and this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE